**IN THE FEDERAL DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

HICKMAN CONSTRUCTION, INC.,
d/b/a TUSHA BUILDING,

       Plaintiff,

vs.

RADR, LTD., a Florida Limited Partnership
and RADR ENTERPRISES, INC.,
a Florida Corporation,

       Defendants.

_____/

CASE NO:

5·99cv 147-SPm

**TRIAL BY JURY REQUESTED**

**COMPLAINT**

Plaintiff, Hickman Construction, Inc., d/b/a Tusha Building, sues Defendants RADR,

Ltd., and RADR Enterprises and for grounds states as follows:

**JURISDICTION**

1.  Plaintiff Hickman Construction, Inc., is a Texas Corporation with its corporate offices

    and principal place of business located in Lubbock Texas.

2.  Defendant RADR, Ltd., is a Florida limited Partnership, with its headquarters and

    principal place of business located in Chipley Florida.

3.  Defendant RADR Enterprises, Inc., is a Florida Corporation with its corporate offices

    and principal place of business located in Chipley Florida.

4.  Defendant RADR Enterprises, Inc., is the general or managing partner of RADR, Ltd., and as such under Florida law may be held liable for the conduct and debts of RADR, Ltd.

5.  This complaint seeks damages in excess of $75,000.

6.  There is complete diversity of citizenship between all Defendants and the Plaintiff.

7.  This court has jurisdiction and venue lies in this District and in this Division.

## COUNT I

### (ACTION TO FORECLOSE CONSTRUCTION LIEN)

8.  Paragraphs 1 through 7 above are hereby realleged and incorporated by reference.

9.  This is an action to foreclose a construction lien that exceeds $75,000 in value pursuant to Chapter 713, Florida Statutes.

10. On September 9, 1998, Plaintiff and Defendant RADR, Ltd., executed a contract for the construction of a shopping center, hereinafter called the project.  A copy of the contract is attached hereto as **EXHIBIT A**. The contract also includes drawings and specifications that are not attached because of their bulk, but Defendants have copies. All of these documents taken together are herein called the contract documents.

11. At the time the contract was executed, Defendant RADR, Ltd., was the owner of the property in Washington County, Florida, described as:

**PARCEL I**

Commence at the Southwest corner of Section 9, Township 4 North, Range 13 West, Washington County, Florida, and run N00°26'25"W, along the West line of said Section 9, a distance of 1,313.55 feet to the point of beginning (P.O.B.); thence continue N00°26'25"W along said West line 907.33 feet; thence S72°36'21"E 321.58 feet; thence S00°26'03"E 34.0 feet; thence S88°56'21"E 496.38 feet; thence N68°56'44"W 404.21 feet; thence S39° 18'53"W 801 feet; thence N71°07'33"W 568 feet to the Point of Beginning.

**PARCEL II**

Commence at the Southwest corner of Section 9, Township 4 North, Range 13 West, Washington County, Florida and run N00°26'25"W along the West line of said Section 9, a distance of 1,313.55 feet; thence run S71°07'33"E 568.86 feet to the Point of Beginning (P.O.B.); thence continue S71°07'33"E 560.00 feet to the Point of the Westerly Right-of Way line of State Road 77; thence N39°18'53"801.89 feet to the Point of Beginning.

12. Plaintiff performed all conditions precedent required under the contract documents or the conditions have occurred.

13. Plaintiff furnished labor, services and material to the project under the contract documents and substantially completed the project.  In the performance of the project, Plaintiff also furnished labor, material, and services in addition to those required by the contract documents at the request of owner that are not shown by the contract documents.  A list of the additional labor services and materials is attached to this complaint as **EXHIBIT B**.

14. Defendant RADR Ltd., has not paid Plaintiff the contract price or for the change order work or for the additional labor services and materials provided at Defendant RADR, Ltd.'s request.  Defendant RADR, Ltd., owes Plaintiff damages in the amount of $279,146.70 that is now due.

15. Within 90 days after the last labor, material and services were furnished for the project on March 15, 1999, Plaintiff filed a Claim of Lien against RADR Ltd.'s property that was recorded by the clerk of the circuit court of the county where the property is located in official records book 0345 at page 0405 on May 28, 1999. A copy of the claim of lien was served on RADR, Ltd. within 15 days thereafter, and a copy is attached hereto as **EXHIBIT C**.

16. At least five days before this action was filed, Plaintiff served owner with an affidavit listing the names of all lienors, and amounts owed each, who had furnished labor, services and material for the project and who had not then been paid.  A copy of the affidavit is attached hereto as **EXHIBIT D**.

17. This action has been filed within one year after recording the claim of lien.

18. Plaintiff is obligated to pay its attorney a reasonable fee for his services.

WHEREFORE, Plaintiff demands judgment foreclosing the lien, interest, costs and attorneys fees as allowed by law and, if the proceeds of the sale are insufficient to pay Plaintiff's claim a deficiency judgement for same.

### COUNT II

### (BREACH OF CONTRACT)

19. Paragraphs 1 through 7 and 10 through 14 above are hereby realleged and incorporated by reference.

20. This is an action for contract damages exceeding $75,000.

21. On or about April 19, 1999, Plaintiff met with Defendants in anticipation of final payment and Defendant stated that Plaintiff would not be paid and further breached the contract by insisting on the right to make direct payments to subcontractors and suppliers of its choosing.

22. Defendants' repudiation of its obligation to pay was a material breech and termination of the contract by Defendants' that relieved Plaintiff of any further obligation to perform.

23.  Defendants further breached the contract with Plaintiff by:

(a) Wrongfully withholding retainage when the contract did not allow for retainage

4

(b) failing to pay the contract sum;

(c) failing to provide drawings and plans that were adequate for the project;

(d) disrupting the orderly sequence of construction through changes, additions, and suspensions of work;

(e) failing to extend the completion deadline when delays were required by because of Defendant RADR Ltd.'s fault, unseasonable weather and other causes not attributable to Plaintiff;

(f) failing to pay for authorized changes;

(g) purporting to terminate the contract without performing conditions prerequisite to termination;

(h) wrongfully attributing Defendants defaults and failures to Plaintiff;

(i) failing to act in good faith in dealing with Plaintiff on payments and change orders.

(j) Insisting on the right to make direct payment to subcontractors and suppliers.

24. As a result of one or more of the defaults and breaches of Defendants alleged in paragraph 21 above, Plaintiff incurred expenses for:

(a) material incorporated in the construction;

(b) labor used in the construction;

(c) services performed for the construction;

(d) extended overhead on the site of construction because of delays and disruptions;

(e) extended overhead at Plaintiff's home office because of delay and disruption at the construction site;

(f) disruption and inefficiency in the performance of the contract;

(g) extended equipment costs because of the delay in the construction;

(h) increased labor and material costs because of the delay and disruption of the construction.

(i) Increased interest costs

25. WHEREFORE, Plaintiff demands judgment for actual and consequential damages exceeding $275,000 against Defendants plus interest, costs and such attorney's fees as may be allowed by law.

## COUNT III

### (UNJUST ENRICHMENT)

26. Paragraphs 1 through 7 and 11 above are hereby realleged and incorporated by reference.

27. This is a cause of action for unjust enrichment.

28. Between September 8, 1998, and March 15, 1999, Plaintiff provided services, materials and labor for the project at the location identified in paragraph 11 above which were either requested by Defendants or were necessary to bring the project to completion.

29. Plaintiff has not been compensated for the services, materials and labor described in paragraph 28 above.

30. Defendants RADR, Ltd., and RADR Enterprises, are receiving and will continue to receive financial benefit from the services, materials and labor provided by Plaintiff and will be unjustly enriched thereby.

WHEREFORE Plaintiff demands judgment for damages in the amount of the benefit conferred on Defendants, plus costs and interest as allowed by law.

## COUNT IV

### (CIVIL THEFT)

31. Paragraphs 1 through 7 above are hereby realleged and incorporated by reference.

32. This is an action for damages in the amount of $37,500

33. After Defendants' termination of the contract described in Counts I and II, Defendants or agents of the Defendants knowingly obtained materials and equipment belonging to Plaintiff with the intent to, either temporarily or permanently deprive Plaintiff of the right to the materials and equipment and to appropriate the materials and equipment to Defendants' own use in violation of section 812.014(1), Florida Statutes.

34. As a result Plaintiff has been injured because of the violation of section 812.014(1), Florida Statutes and has lost $12,500.

35. Before filing this action Plaintiff made written demand for three times the value of the materials and equipment and Defendant has refused to pay. A copy of the demand letter is attached hereto as **EXHIBIT E**.

36. Plaintiff is obligated to pay its attorney a reasonable fee for his services. WHEREFORE, Plaintiff demands judgment for treble damages, plus costs, interest as allowed by law and attorneys fees against Defendants.

## COUNT V

### (CONVERSION)

37. Paragraphs 1 through 7 above are hereby realleged and incorporated by reference.

38. On dates uncertain to Plaintiff, Defendants converted to Defendants' own use materials and equipment belonging to or leased by Plaintiff with a value of $12,500.

WHEREFORE, Plaintiff demands judgment for actual and consequential damages plus interest, costs and such attorney's fees as may be allowed by law.

Respectfully submitted, this /5th day of *June* , 1999,

Counsel for Plaintiff,

Donald L. Bell
Fla. Bar # 835854
1016 Shalimar Drive
Tallahassee, Florida 32312
(850) 385-9568
Fax (850) 385-3473

8

# EXHIBIT A

# *TUSHA BUILDINGS*

**P.O. Box 6457 · Lubbock, Texas  79493-6457**

Office: (806) - 792 - 9941 · Fax: (806) - 792 - 9945

## PROPOSAL – CONTRACT

**TO:**  R.A.D.R.                                         **DATE:**  September 8, 1998
           Chipley, Florida

**NAME OF JOB:**  Shopping Center/Office Buildings

**LOCATION:**  Chipley, Florida

**WE WILL FURNISH:**  Per owners plans (1) 34,500 sq. ft. Butler LRF-II
(Low Rigid Frame) and (2) 6,000 sq. ft. Butler LRF-II  Butler buildings
designed for the City of Chipley and U.L. Class 90 up-lift rating on the roof.
Primary framing to consist of rigid intermediate frames and beam and post
endwall structurals.  Secondary framing shall consist of 8" Z-shaped pre-
punched purlins and wall girts.  Bracing to be as per Butler standard.  Roof
panels to be 24 gauge – Butler MR-24 standing seam.

### CONTINUED ON PAGE 2

**FOR THE SUM OF:**  $ 1,830,125.00

**TERMS:**  10% down payment, balance of labor performed and material in
suitable storage shall be billed every (15) days and payable within (10) days
of billing date.  Final payment shall be payable upon substantial completion
and/or occupancy.

**THIS PROPOSAL INCLUDES:**  Taxes, freight, erection, builders risk
insurance, workmen's compensation and liability insurance, and all labor and
materials as specified in Proposal-Contract.

**THIS PROPOSAL DOES NOT INCLUDE:**  Site preparation, landscaping,
paving or any material and labor not specified in the Proposal-Contract.

**COMPLETION:**  (186) days from date of building permit.

**OWNER:**                                        **CONTRACTOR:**
R.A.D.R.                                           Tusha Buildings

**TO:** R.A.D.R.                                         **PAGE 2**
Chipley, Florida

**BUILDING ACCESSORIES:**  Furnish and install the following:

> Hollow metal walkdoors, complete with weather-stripping, aluminum
> threshold, and hardware.
> (615) lin. Feet of Butler gutter and (16) downspouts
> (2) 10' X 10' steel sectional overhead doors

**EXCAVATION AND GRADING:**  Excavation and grading as required for
all building work.  Bottom of pier pads shall be installed per Tusha Buildings
standard drawings for the particular building described herein.  All grade
beams shall be installed a minimum of 24" below finished floor and to grade
level at finished floor.  It is assumed that normal machine excavations will be
used.

**CONCRETE:**  All concrete shall be 3,000 psi at 28 days.  This contractor
shall furnish all reinforcing steel shown or called for on the engineered
foundation drawings.  All foundations and grade beam work shall be
reinforced to sustain the building loads.  All anchor bolts are included and
shall be installed according to standard drawings and set with templates for
accuracy.

**INCLUDED:**  (1) 80' x 12' Transport Truck Well at Sears store.

**INSULATION:**  The entire roof area of the building shall be insulated with
6" vinyl faced fiberglass insulation.  Th 6" insulation shall be supported using
2" wire mesh.  All insulation shall have a U.L. flamespread rating not to
exceed 25.

**HEATING, AIR CONDITIONING, AND VENTILATION:**

> (100) Tons of heating and air conditioning, to serve entire facility.

**PLUMBING:**  Plumbing work shall meet state and local codes and shall be
accomplished by skilled craftsmen in the employ of a contractor licensed to
do such work.  This contractor shall furnish and install the following:

**TO:** R.A.D.R.
Chipley, Florida

PAGE 3 

**ELECTRICAL:**  All electrical work shall conform to the National Electrical Code and all City of Chipley ordinances for such work. This work shall be done by competent workmen in the employ of a licensed contractor: We include:

    (50) duplex outlets
    (38) light switches
    (16) Exit light fixtures
    (575) 2' X 4' troffer fluorescent lay-in light fixtures

**PAINTING:**  Hollow metal doors and frames to receive (2) coats of enamel. Sheetrock walls shall receive tape, bed, texture, and paint. All wood doors shall be stained and varnished.

**INTERIOR FINSIII:**  All exterior walls shall be framed with 6" steel studs spaced on 16" centers with application of 5/8" sheetrock. All interior door frames to be hallow metal and door units to be solid core oak or birch. All sheetrock walls shall contain 4" sound batt insulation.

**CEILING:**  Rooms shall receive a suspended 2' X 2' acoustical tile ceiling of mineral fiber tile laid in steel "T" grid. The entire acoustical ceiling system shall be insulated with 4" batt type fiberglass insulation.

**MASONRY:**  Split faced CMU shall be installed on front and side walls of shopping center up to 10' above finished floor level, per plans. Back wall of center shall be colored plain CMU in the warehouse areas. CMU block to be exposed.

**STUCCO:**  Exterior walls above CMU, per plans, to receive synthetic stucco.

**FLOOR COVERING:**  All restroom floors to receive reinforced vinyl tile with rubber base.

**GLASS:**  Store front glass and entry door per plans.

## VANILLA-BOX SCOPE OF WORK

| | |
|---|---|
| General | Demised premise shall have all utilities separately metered and shall be free of all hazardous and contaminated material, including asbestos. Access to demised premise and common areas shall comply with all ADA and local codes for proper ingress, egress and parking. |
| Sidewalk | Sidewalk along storefront shall have no cracks or wide separations. |
| Floor | Fill cracks and sandstone smooth concrete slab, ready to receive tile and carpet. |
| Interior Walls | Demising walls to be sheetrocked, run to roof deck, and be taped, floated and ready to receive paint. Brace and block per code, with all sales area parimeter walls capable of receiving shelving standards mounted on 2' centers. Masonry walls shall have all joints tooled, holes filled, and free of all cracks. |
| Ceiling | Suspended 2' x 4' grid ceilings shall be provided throughout entire sales area at 12' above finished floor. Suspended grid shall be clean and white with matching white ceiling tiles, not bowed, soiled or damaged. |
| Storefront Entry Doors and Glass | Install Tenant's undercanopy storefront consisting of single pair of 3'0" x 7'0" outward swing aluminum and glass storefront doors with minimum of 24" wide by 9'6" high storefront glass set on each side of entry doors. Entry to be centered along storefront and between any columns under the canopy |
| Emergency Exit Door | Provide outward swing emergency exit door, steel with steel frame, detex panic bar, threshold, weatherstriping and non-removable pin hinges. |
| Receiving Doors | Provide single pair, outward swing receiving doors, steel with steel frames, detex panic bar, threshold, weatherstriping and non-removable pin hinges, non-activated door shall have slide bolts and astrigul. |
| Plumbing | Stub-in all plumbing, including water supply (separately metered to space) and sanitary sewer, as located by Tenant's plans. |
| HVAC | Install HVAC system to conform with Tenant's plans and specifications, with minimum one ton per each 350 square feet, and ducted to sales area, back areas and dressing room areas |
| Gas Line Heater | Provide hanging gas unit heater in receiving area (northern states only) |
| Main Electrical Service | Provide 800 amp main disconnect if service to demised premise is 3 phase 120/208 volt, or 600 amp main disconnect if service to demised premise is 480/277 volt, and separately metered to space. Service to include all lighting and sub-panels, per Tenant's plans |
| Lighting | Install one 2' x 4' 3-tube (T-8 bulbs, energy efficient ballast) lay-in light fixture per each 100 square feet, minimum fixture pattern shall be 8' x 12', all connected to lighting electrical panel |
| Sprinkler System | Provide and certify sprinkler system as necessary to satisfy all appropriate codes. Plans shall be submitted to Tenant for approval. New sprinkler system shall be necessary only if required by local code |
| Telephone Service | Proper conduits to demised premise from telephone service point. |

Page 1 of 1

Initial  Landlord _____  Tenant _____

# EXHIBIT B

*TUSHA BUILDINGS*

**P.O. Box 6457 • Lubbock, Texas 79493-6457**

Office: (806) - 792 - 9941 • Fax: (806) - 792 - 9945

## ADDITIONAL WORK AUTHORIZATION

**JOB NAME** Washington Square Shopping Center **JOB NUMBER** 99-04

|  | |
|---|---|
| | **Radio Shack** |
| $ 4,000.00 | Requester floor plan changes |
| 1,440.00 | Add storage and door |
| 850.00 | Install shelves in front of store |
| | **China Garden** |
| $ 5,860.00 | Build approximately 850 square feet of wall including (3) doors |
| | **Sears** |
| $ 2,046.00 | Construct a 31' X 12' deck above storage area and breakroom |
| 430.00 | Enlarge office |
| | **R.A.D.R.** |
| $ 870.00 | Plywood walkway at Sears and Stage with hole for access (no door) |
| 6,000.00 | Split block for use at signage and misc. |
| **$ 21,496.00** | **Total Amount Due** |

# EXHIBIT C

Return to:   Donald L. Bell, Esq.
             1016 Shalimar Drive
             Tallahassee, Florida 32312

This instrument prepared by:

             Donald L. Bell, Esq.
             1016 Shalimar Drive
             Tallahassee, Florida 32312

### CLAIM OF LIEN

**COUNTY OF:** Lubbock
**STATE OF:** Texas

Before me the undersigned notary public, personally appeared Mr. Jim Hickman of Hickman construction, Inc. d/b/a Tusha Buildings, who was duly sworn and says that he is the agent of the lienor herein, whose address is P.O. Box 6457, 5714 40th Street Lubbock, Texas 79407, and that in accordance with a contract with RADR., Ltd., lienor furnished labor, services, or materials consisting of all necessary labor, materials and services for the construction of a shopping center on the following described real property in Washington County, Florida:

### PARCEL I

Commence at the Southwest corner of Section 9, Township 4 North, Range 13 West, Washington County, Florida, and run N00°26'25"W along said Section 9, a distance of 1,313.55 feet to the point of beginning (P.O.B.); thence continue N00°26'25"W along said West line 907.33 feet; thence S72°36'21"E 321.58 feet; thence S00°26'03"E 34.0 feet; thence S88°56'21"E 496.38 feet; thence N68°56'44"W 404.21 feet; thence S39° 18'53"W 801 feet; thence N71°07'33"W 568 feet to the Point of Beginning.

### PARCEL II

Commence at the Southwest corner of Section 9, Township 4 North, Range 13 West, Washington County, Florida and run N00°26'25"W along the West line of said section 9, a distance of 1,313.55 feet; thence run S71°07'33"E 568.86 feet to the Point of Beginning (P.O.B.); thence continue S71°07'33"E 560.00 feet to the Point of the Westerly Right-of-Way line of State Road 77; thence N39°18'53"801.89 feet to the Point of Beginning.

Otherwise known as: Washington Square Shopping Center located on Hwy 77 in Chipley, Florida

Owned by RADR., Ltd., of a total value of $ 1,450,621.00, of which there remains unpaid $ 279,146.70, and furnished the first of the items on August 31, 1998, and the last of the items on March, 15, 1999

Sworn and subscribed before me this 20th day of May, 1999, by Mr. Jim Hickman who is personally known to me or who provided identification in the following form _____.

Mr. Jim Hickman, Hickman Construction, Inc.
d/b/a Tusha Buildings

Signature of Notary Public

# EXHIBIT D

### Contractor's Affidavit

**COUNTY OF:** Lubbock
**STATE OF:** Texas

Before me, the undersigned notary public, personally appeared, Mr. Jim Hickman of Hickman Construction, Inc., d/b/a Tusha Buildings, who was duly sworn and says:

All lienors under the direct contract with Tusha Buildings who have timely served a notice to owner on the owner and the contractor have been paid in full except as identified below:

Lienor                                          Amount due for labor, services, or materials furnished

| Name | Phone | Contact | Amount Due |
|------|-------|---------|-----------:|
| Acousti Engineering Co. of Florida | 904-576-0102 | | $ 21,301.00 |
| Air Conditioning Associates Inc. | 904-722-1890 | | 11,931.20 |
| Air Power Services | 850-469-0707 | Kevin | 10,551.91 |
| Airgas Marietta | | | 74.42 |
| Amerigas | | | ( 91.18) |
| Atlantic Coast Fire Protection, Inc. | 770-623-2195 | | 16,464.34 |
| Bama West | | | 8,575.00 |
| Brite Lites Window Cleaning | 877-404-9140 | | 107.00 |
| Butler Manufacturing | 816-368-3331 | Carl Rehkow | 758.00 |
| Couch | 334-673-8233 | Mary Newman | 7,935.67 |
| Disposal Depot, Inc. | 850-784-0606 | | 1,125.00 |
| Don Dye Construction | 850-873-9944 | Don Dye | 3,872.20 |
| ESCC | 850-638-2623 Fax | Richard | 3,000.00 |
| Fastener Service Inc. | 334-793-2330 | | 214.25 |
| Glass Center | 904-235-3340 | Lisa | 6,823.27 |
| Grasselli Concrete Products Co., Inc. | 205-925-3617 | Ron | 157.29 |
| Hasty Heating & Cooling | 850-638-3611 | Sherry | 14,208.20 |
| Henley Interiors | 806-866-9094 | James Henley | 48,125.00 |
| Hopkins Welding | 850-265-3648 | John Hopkins | 4,969.90 |
| John Worley | | | 795.00 |
| KB Electric | 850-236-0700 | | 33,216.23 |
| Kilgore Karpet & Ceramic Tile, Inc. | 850-234-0894 | | 2,598.10 |
| Loftins Rentals & Sales | 334-793-1103 | | 244.95 |
| North Florida Rental Center, Inc. | 850-526-7368 | Tereasa | 2,239.56 |
| Northbay I & E, Inc. | 850-265-1194 | Bobby | 40,985.00 |
| Seacoast Supply | 850-433-6411 | Sam | 15,767.87 |
| Townsend Building Supply, Inc. | 850-638-1625 | | 1,757.57 |
| Tri-State Door Co., Inc. | 334-588-3462 | Joe | 6,733.12 |

**TOTAL**                                                                      **$ 264,439.87**

Mr. Jim Hickman, Hickman Construction, Inc.
d/b/a Tusha Buildings

Sworn to and subscribed before me this 20th day of May, 1999, by Mr. Jim Hickman who is personally known to me or who provided identification in the following form _____

Signature of Notary public

# EXHIBIT E

**LAW OFFICES**
**Donald L. Bell, P.A.**

1016 Shalimar Drive
Tallahassee, Florida 32312

Telephone: 850-385-9568
Facsimile:  850-385-3473

June 4, 1999

William S. Howell, Jr. P.A.
1314 Jackson Avenue
Post Office Box 98
Chipley, Florida 32428

Re: Washington Square Shopping Center/RADR Ltd.

Dear Mr. Howell:

Demand is hereby made on your clients RADR, Ltd., and RADR Enterprises for payment
in the amount of $37,500 for materials belonging to Hickman Construction d/b/a Tusha
Buildings, which were taken by your clients, and for the unauthorized use of equipment
by your clients which was leased to Hickman Construction d/b/a Tusha Buildings.

Thank you for your attention to this matter.

Sincerely,

Donald L. Bell

cc: Mr. Jim Hickman